## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF LONG BRANCH, et al.,<br><br>    Defendants. | Civil Action No. 09-2264 (JAP)<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

**ARPERT, U.S.M.J.,**

This matter comes before the Court on a Motion by Defendants City of Long Branch, Howard Woolley, William Richards and Thomas Shea's (collectively "Defendants") for a more definite statement pursuant to FED.R.CIV.P. 12(e) [dkt. entry no. 22]. *Pro se* Plaintiff Ryan Brown ("Plaintiff") has opposed the Motion. The Court has reviewed the written submissions of the parties and considered the matter without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated more fully below, Defendants' Motion for a more definite statement is granted.

### I.    Background

On May 13, 2009, Plaintiff filed suit against Defendants City of Long Branch, Howard Woolley, William Richards, Thomas Shea and John Doe 1 alleging, generally, that they discriminated against him on the basis of a disability that he describes as anxiety and depression. The allegations in the Complaint surround the termination of Plaintiff's employment as a Special Law Enforcement Officer II ("SLEO II"). Specifically, Plaintiff's Complaint alleges that he was terminated because of his disclosure to his employer that he was experiencing mental and emotional problems. Plaintiff alleges that, as a result of this disclosure, he was placed on

"modified duty" so that he would be unarmed.  Plaintiff was notified of his new assignment by Defendant John Doe 1, a shift supervisor, when he arrived for work on August 13, 2008.  During this exchange, Plaintiff alleges that John Doe 1 openly questioned Plaintiff about his depression and medical conditions in the presence of other employees.

On August 20, 2008, Plaintiff complained of the encounter with John Doe I to Captain Alphonso Muolo, who told him that his medical records were not confidential, terminated the meeting and asked Plaintiff to leave.  Later that evening, Defendant Thomas Shea, an Internal Affairs Officer, approached Plaintiff in the parking lot in the presence of Plaintiff's coworkers and told him that he should resign.

On August 20, 2008, the City of Long Branch initiated disciplinary action against Plaintiff and charged him with "conduct unbecoming an officer and violating police department rules by submitting false information in his employment application." (Defs' Br. at 1). Subsequently, on October 2, 2008, Plaintiff underwent a fitness for duty evaluation by Nancy B. Gallina, Ph.D. ("Dr. Gallina"), who concluded that Plaintiff was a danger to himself and others and was unfit to perform the duties of a SLEO II.  Based on Dr. Gallina's findings, the disciplinary action was modified to reflect the City's intent to have Plaintiff removed from his position because he was unfit for duty.

On September 9, 2009, the District Court dismissed Plaintiff's Complaint.  Following an appeal of the dismissal by Plaintiff, the United States Court of Appeals for the Third Circuit affirmed the dismissal of Plaintiff's claims relating to hostile work environment and intentional infliction of emotional distress and vacated the District Court's dismissal of Plaintiff's claims relating to disability discrimination under the ADA, NJLAD, retaliation under CEPA and wrongful discharge.

Presently, Defendants argue that the Complaint is insufficient and that the Court should require Plaintiff to file a more definite statement pursuant to FED.R.CIV.P. 12(e).  Defendants argue that the Complaint fails to comply with FED.R.CIV.P. 10(b) which provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" as well as FED.R.CIV.P. 8(a)(2) which provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Defendants acknowledge that Plaintiff's Complaint is loosely organized into four separate counts, but maintain that the Complaint is "nothing more than a stream of consciousness manifesto." (Def's Br. at 3).  As a result, Defendants argue that they are not able to file a responsive pleading in compliance with FED.R.CIV.P. 8(b) without difficulty or confusion. *Id.* More specifically, Defendants contend that "it will be largely impossible to comply with Rule 8(b)(3) in the case of answering the complaint with Specific rather than General denials." (Def's Reply Br. at 1).  Finally, Defendants argue that Plaintiff's Complaint contains an ad damnum clause which requests specific monetary relief in violation of the Federal Rules and asks that the Court strike this clause pursuant to FED.R.CIV.P.12(f). (Def's Br. at 3).

Plaintiff responds to Defendants' Motion by noting that the Complaint, taken in its present state, was sufficient to allow Defendants to file a 12(b)(6) Motion. (Pl.'s Opp'n Br. at 2). Plaintiff argues that the fact that the Complaint was not crafted with numbered paragraphs, as required by Rule 10(b), does not prejudice Defendants' ability to answer and contends that separating the Complaint by counts is sufficient to allow Defendant to adequately respond to the allegations.  *Id.* at 3.

## II.   Analysis

Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading

3

to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  While under the Court's notice pleading standard, detailed factual allegations are not needed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations and citations omitted).  Thus, a complaint must set forth "enough factual matter (taken as true) to suggest" the required elements of a cause of action.  *Id*. at 556. Further, the Complaint must set forth the "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b).  "The prevailing standard employed by the Third Circuit is to grant a Rule 12(e) motion 'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" *Ideal Media Corp. v. Advanced Directory Sales, Inc.*, 2009 WL 1803907, *2 (D.N.J. 2009) (internal citations omitted).

Here, Plaintiff has failed to comply with both Rule 8(a) and Rule 10(b) because Plaintiff has loosely organized his Complaint into four counts.  The Court notes that the Third Circuit, in its Memorandum Opinion, ruled without prejudice as to Defendants' ability to renew their Rule 12(e) motion and specifically noted that Plaintiff's allegations are not set forth in numbered paragraphs as required by Rule 10(b).  *See* [dkt. entry no. 21].  While Plaintiff's good faith effort to comply with the Rules is not lost on the Court, the currently constructed Complaint does not adequately permit Defendants to file a response that complies with the Federal Rules of Civil Procedure.  As Defendants have indicated that they do not wish to file a general denial, Plaintiff's Complaint does not reasonably permit Defendants to respond by specifically admitting or denying the allegations contained within each count.  As a result, the Complaint

4

must be modified to comply with Rules 8 and 10.

Finally, the Court notes that Plaintiff's Complaint contains an ad damnum clause which demands a specific monetary amount of damages in violation of the Federal Rules.  Therefore, the Court will strike the ad damnum clause pursuant to FED.R.CIV.P.12(f).

## III.     Conclusion and Order

Having considered the papers submitted and for the reasons set forth above,

**IT IS** on this 10th day of August, 2010,

**ORDERED** that Defendants' Motion for a more definite statement [dkt. entry no. 22] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file an Amended Complaint which complies with Rules 8(a) and 10(b) and omits the ad damnum clause that is presently part of the Complaint no later than **August 31, 2010**.


*s/ Douglas E. Arpert*
**HONORABLE DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**